IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MR. SCOTT JEFFREY MELNICK, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 14-6032 |
| | : | |
| v. | : | |
| | : | |
| MRS. JANE WETZEL and MR. JACK WETZEL, | : | |
| | : | |
| Defendants. | : | |
| MR. SCOTT JEFFREY MELNICK, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 14-6034 |
| | : | |
| v. | : | |
| | : | |
| MR. JACK WETZEL and MRS. JANE WETZEL, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                October 29, 2014

As best as the court can discern, these cases are the 30th and 31st cases filed by the plaintiff *pro se*, Mr. Scott J. Melnick, in which he is attempting to collect hundreds of millions of dollars based on alleged contracts by which he provided advice to various individuals and entities as to how to win the lottery.[1]  For the reasons set forth below, the court will order the

---

[1] The other 29 cases are:  *Melnick v. The White House, et al.*, No. 5:14-cv-2855; *Melnick v. Krotchta, et al.*, No. 5:14-cv-2856; *Melnick v. Melnick, et al.*, No. 5:14-cv-2857; *Melnick v. Knopf Automotive*, No. 5:14-cv-3058; *Melnick v. The Dulski, et al.*, No. 5:14-cv-3060; *Melnick v. Voitus*, No. 5:14-cv-3062; *Melnick v. PNC Fin. Servs. Grp./Chex Sys., Inc., et al.*, No. 5:14-cv-3063; *Melnick v. Hunan Springs*, No. 5:14-cv-3064; *Melnick v. The Estate of Mr. James L. Leuthe*, No. 14-cv-3065; *Melnick v. Baumann's Antiques & Candles*, No. 5:14-cv-3066; *Melnick v. The Am. Detective Agency*, No. 5:14-cv-3067, *Melnick v. Jaindl*, No. 5:14-cv-3068; *Melnick v. Delligner, et al.*, No. 5:14-cv-3069; *Melnick v. Lehigh Pizza*, No. 5:14-cv-3070; *Melnick v. Segel*, No. 5:14-cv-3071; *Melnick v. Suoboda, et al.*, No. 5:14-cv-3072; *Melnick v. Ueichert Commercial Brokerage*, No. 5:14-cv-3073; *Melnick v. CNBC Studio*, No. 5:14-cv-3074; *Melnick v. Weil Antique Ctr.*, No. 5:14-cv-3075; *Melnick v. Alercia, et al.*, No. 5:14-cv-3081; *Melnick v. Wells Fargo Bank, et al.*, No. 5:14-cv-3083; *Melnick v. Young's Cleaners*, No. 5:14-cv-3084; *Melnick v.*

plaintiff to show cause why the court should not dismiss the complaints in the above-captioned cases for lack of subject-matter jurisdiction.

### I.     SUMMARY OF ALLEGATIONS AND PROCEDURAL HISTORY

The plaintiff commenced these actions against the defendants, Jack Wetzel and Jane Wetzel, by filing two complaints on October 22, 2014.  *Melnick v. Wetzel*, No. 5:14-cv-6032, Doc. No. 1, Compl. ("No. 6032 Compl."); *Melnick v. Wetzel*, No. 5:14-cv-6034, Doc. No. 1., Compl. ("No. 6034 Compl.").[2]  In the complaints, the plaintiff alleges that both he and the defendants are citizens of the Commonwealth of Pennsylvania.  *See* No. 6032 Compl. at 1-2, 8; No. 6034 Compl. at 1-2, 8.  He also alleges that this court has federal-question jurisdiction under 28 U.S.C. § 1331 because the following federal constitutional, statutory or treaty rights are at issue: "Breach of Contract[,] Embezzlement[, and] Theft of service."  No. 6032 Compl. at 2; No. 6034 Compl. at 2.[3]

---

*Sulderits, et al.*, No. 5:14-cv-3085; *Melnick v. Dellisant, et al.*, No. 5:14-cv-3086; *Melnick v. Ciappina, et al.*, No. 5:14-cv-3087, *Melnick v. China House Rest.*, No. 5:14-cv-3206; *Melnick v. Temple Beth El*, No. 5:14-cv-3207; *Melnick v. Scott*, No. 5:14-cv-3208; and *Melnick v. Cole Haan*, No. 5:14-cv-5631.  The plaintiff appears to have paid the filing fee for each of the aforementioned actions.

   The court has not relied on the allegations in the above cases or the dispositions in those cases in analyzing the issues discussed in this memorandum opinion.  The court references the cases only for contextual purposes.

[2] In the caption for Civil Action No. 14-6032, the plaintiff identifies only Jane Wetzel as a named defendant in the caption.  *See* No. 6032 Compl. at 1.  Although Jack Wetzel is not listed as a defendant in the caption, the plaintiff identifies him as a defendant in the body of the complaint and includes allegations in support of claims against him as well.  *See id.* at 2-"3B."  In the caption for Civil Action No. 14-6304, the plaintiff identifies only Jack Wetzel as a named defendant in the caption.  *See* No. 6034 Compl. at 1.  Similar to the other case, although the plaintiff does not list Jane Wetzel as a defendant in the caption, he identifies her as a defendant in the substance of the complaint and includes allegations in support of claims against her as well.  *See id.* at 2-"3B."  Accordingly, the complaints technically violate Rule 10(a) of the Federal Rules of Civil Procedure because the plaintiff failed to identify all of the parties in each caption.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]").

   In addition to the foregoing, the court notes that at each civil action the plaintiff has filed two complaints together as one document.  *See* No. 6032 Compl. at 1-6, 7-9; No. 6034 Compl. at 1-6, 7-9.  While this is procedurally improper, the court has attempted to consolidate the allegations in these documents to reflect the essence of the plaintiff's claims in the two cases.

[3] In the second complaint attached to each original complaint, the plaintiff also asserts that jurisdiction is proper because "the agreements made were person to person, over the telephone, and through a peer group."  No. 6032 Compl. at 8; No. 6034 Compl. at 8.

Regarding the substantive allegations in the two complaints, the plaintiff essentially alleges that he initially provided the defendants with "answers" as to how they would win a lottery jackpot during a conversation with them on November 14, 2009.  No. 6032 Compl. at 3; No. 6034 Compl. at 3, 8.  The plaintiff and either or both of the defendants also discussed planning to win the lottery during conversations on September 19, 2010, September 25, 2010, and January 15, 2011.  No. 6032 Compl. at 3, 3B, 8; No. 6034 Compl. at 3, 3B, 8.  During some of these conversations, the plaintiff and the defendants entered into agreements to consider and use the plaintiff's lottery winning strategy.  No. 6032 Compl. at 8-9; No. 6034 Compl. at 8-9.  As part of the parties' "lottery endeavor," the defendants were to disclose income tax statements to the plaintiff so he could determine whether they won the lottery by using his strategy.  No. 6032 Compl. at 9; No. 6034 Compl. at 9.  Apparently, the defendants breached their agreement with the plaintiff when they failed to disclose their income tax statements to him.  No. 6032 Compl. at 9; No. 6034 Compl. at 9.  Because the defendants refused to relinquish copies of their income tax statements to him, the plaintiff "assume[s], per the agreement[s], that the lottery prize was won but not disclosed."  No. 6032 Compl. at 9; No. 6034 Compl. at 9.

In both actions, the plaintiff claims that his injuries consist of breach of contract, embezzlement, theft of service, and "loss of lifetime endeavor."  No. 6032 Compl. at 4; No. 6034 Compl. at 4.  For damages, the plaintiff seeks "all whatever money the defendant won as given to the on design understandings that may exist."  No. 6032 Compl. at 4; No. 6034 Compl. at 4.  He also includes additional claims for damages in the second complaint attached to each original complaint.  In this regard, the plaintiff requests an award of damages against each defendant in the amount of $164,000,000 "per the amount that was to be [his] share of the winnings," $27,000,000 in "compensatory damages," $9,000 "per lottery contract . . . for legal fees" and "[a]

summation of 4% annual interest . . . for money lost during this time." No. 6032 Compl. at 9; No. 6034 Compl. at 9.

## II. DISCUSSION

Once again, as with the plaintiff's other lottery-related cases, he is asserting claims that he is entitled to hundreds of millions of dollars against two defendants that do not appear to have won the lottery. Sadly, the plaintiff continues to file these lawsuits and pay the filing fee for them despite acknowledging in many of the cases (although not in the two instant cases) that individuals other than the named defendants won the particular lottery drawings at issue. Nonetheless, although there appear to be significant issues with the merits of the claims in the complaints in the two above-captioned cases, the court will not address those issues at this point because there is a preliminary issue requiring court resolution. More specifically, the court does not appear to have subject-matter jurisdiction over these actions.

In this regard, the party asserting federal jurisdiction "bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). Although the only documents of record so far are the complaints, the court is obliged to address issues of subject-matter jurisdiction *sua sponte*. *See Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Philadelphia*, 657 F.2d 29, 36 (3d Cir. 1981) ("A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits."). If the court lacks subject-matter jurisdiction, the court <u>must</u> dismiss the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

As indicated above, the plaintiff claims that the court has federal-question jurisdiction under 28 U.S.C. § 1331, and he identifies what he apparently believes are certain constitutional,

statutory or treaty rights that are allegedly at issue. Unfortunately, these allegations are insufficient to support the court's jurisdiction in this case.

The federal-question jurisdiction statute provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "For a claim to arise under the Constitution, laws or treaties of the United States, a right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's claim." *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 939 F. Supp. 398, 399 (E.D. Pa. 1996) (citation omitted). "Furthermore, the cause of action must be created by the federal law or the vindication of a right under state law must turn upon the construction of that federal law." *Id.* (citation omitted).

Despite the plaintiff's general references to breach of contract, embezzlement, and theft of service in the original complaint, these issues are **not** federal constitutional, statutory or treaty rights, and the plaintiff does not otherwise identify any **actual** federal constitutional, statutory, or treaty rights that are essential elements of his claims. In addition, the court is unaware of any act of Congress that would allow this court to exercise subject-matter jurisdiction over this case because non-diverse parties allegedly entered into the lottery agreements in person, over the telephone, or through a peer group. Moreover, these activities do not appear to implicate a constitutional provision or federal statute. Accordingly, the plaintiff has not properly pleaded the basis for this court's subject-matter jurisdiction over this action involving non-diverse parties.

### III.    CONCLUSION

For the reasons set forth above, it appears that the court lacks subject-matter jurisdiction over this action. Nonetheless, the court recognizes that when addressing the issue of subject-matter jurisdiction *sua sponte*, courts should ordinarily give the plaintiff "notice and an

opportunity to respond." *Schneller ex rel. Schneller v. Fox Subacute at Clara Burke*, 317 F. App'x 135, 138 (3d Cir. 2008) (citations omitted).  Therefore, despite the court's apparent lack of subject-matter jurisdiction over this case, the court will provide the plaintiff with a period of sixteen (16) days to file a written response in which he shows how the court has subject-matter jurisdiction over this case.[4]

An appropriate order follows.

BY THE COURT:

*/s/ Edward G. Smith*
EDWARD G. SMITH, J.

---

[4] The court has provided the plaintiff with this time period so that it coincides with the plaintiff's responses to orders to show cause issued in the other 11 cases with similar allegations that the plaintiff has filed and that have been assigned to the undersigned.